UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SEPTEMBER MCDOWELL and ROBERT ROBINSON,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ELIZABETH, *et al.*,<br><br>Defendants. | Civil Action No.<br><br>23-21415 (BRM) (LDW)<br><br>**OPINION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is plaintiffs' Motion for Leave to File an Amended Complaint. (ECF 83, 96). Defendants oppose the Motion. (ECF 87, 88, 89, 91, 92, 93, 94). The Court determines this matter without oral argument in accordance with Rule 78 of the Federal Rules of Civil Procedure. Having considered the parties' written submissions, plaintiffs' Motion to Amend is **GRANTED IN PART** and **DENIED IN PART**.

I.     BACKGROUND

Plaintiffs commenced this action in October 2023. Plaintiffs, both African Americans, allege that on October 27, 2021 City of Elizabeth police officers stopped them without reasonable suspicion of criminal activity, improperly searched them, and subsequently placed them under arrest after recovering an illegal firearm in plaintiff McDowell's fanny pack and controlled substances on her person. (Compl. ¶¶ 16-17, ECF 1; Proposed Am. Compl. ¶¶ 18, 68, ECF 83-3). That evidence was later suppressed, and criminal charges against plaintiffs were dismissed on November 28, 2022. (Compl. ¶¶ 18-19). Plaintiffs' initial complaint asserts the following claims arising from their allegedly unconstitutional stop, search, arrest, and subsequent prosecution: (1)

a 42 U.S.C. § 1983 civil rights claim against the individual police officer defendants; (2) a 42 U.S.C. § 1983 civil rights claim arising from the officer defendants' failure to intervene to prevent the use of excessive force in the course of plaintiffs' arrest; (3) a 42 U.S.C. § 1983 *Monell* claim against the City of Elizabeth and Chief of Police; (4) parallel claims pursuant to the New Jersey Civil Rights Act, N.J.S.A. 10:6-2; and (5) common law malicious prosecution. (Compl., Counts I-V).

The Court held an initial scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on January 24, 2024, and subsequently entered a Pretrial Scheduling Order requiring written discovery requests to be served by February 23, 2024, any request for leave to file a motion to add new parties or amend pleadings to be filed by April 8, 2024, and fact discovery to be completed no later than September 9, 2024. (ECF 39). The Court extended certain of those initial deadlines at the parties' requests throughout fact discovery. On April 29, 2024, the Court entered an Amended Scheduling Order providing for written discovery responses to be completed by May 30, 2024. (ECF 41). This was further extended to September 16, 2024 to account for delays in production. (ECF 45). The parties made clear to the Court that they did not wish to take depositions until paper discovery was completed, (*see, e.g.*, ECF 42), and the fact discovery completion date was correspondingly extended as paper discovery lagged. (ECF 45, 52). At no time, however, did plaintiffs or any defendant request that the April 8, 2024 deadline to seek amendments to pleadings be extended.

The parties finally began depositions with plaintiff McDowell's deposition on January 16, 2025. At that deposition, plaintiff McDowell testified that she observed the police "harassing" several other people in the area on the date of her arrest and she believed "if I wasn't profiled,

2

racially profiled, I wouldn't have gotten arrested that night." (Depo Tr. at 64:7-17, 141:18-20, ECF 55-1).

Three months after that deposition, plaintiffs filed the instant motion to amend the complaint to add allegations of, and a claim based on, racial profiling and selective enforcement. Plaintiffs also seek to amend the caption to correct the name of defendant Mooney, who was mistakenly identified as John "Moody" in the caption of the original complaint (although identified in the body of the complaint correctly as Mooney). The latter portion of the motion is unopposed, as the police officer has been aware of the misnomer since the beginning of the action and has acknowledged that he is the person plaintiffs intended to name.[1] However, defendants oppose the proposed amendment to the extent plaintiffs seek to insert racial profiling and selective enforcement claims and underlying allegations into this action eighteen months after the initial complaint was filed, one year after the deadline for amended pleadings, and months after written discovery finally has been completed.

## II.  DISCUSSION

Rule 16(b)(3)(A) of the Federal Rules of Civil Procedure mandates entry of a scheduling order that "limit[s] the time to join other parties [and] amend the pleadings." That scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[W]hen a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies. A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard." *Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). The "good cause" inquiry under Rule 16(b)(4) "focuses on the

---

[1] Defense counsel identified the error in his December 1, 2023 answer to the complaint. (ECF 23).

moving party's burden to show due diligence." *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010); *see Rogers v. Wilmington Trust Co.*, No. 21-1473, 2022 WL 621690, at *6 (3d Cir. Mar. 3, 2022) ("The touchstone for assessing whether there was good cause to amend a complaint is whether the moving party showed due diligence in bringing their claims."). Due diligence, in turn, depends on "whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired." *Sabatino v. Union Twp.*, 11-cv-1656 (MAH), 2013 WL 1622306, at *4 (D.N.J. Apr. 15, 2013). If good cause is shown, the Court proceeds to consider whether to exercise its discretion to grant leave to amend under Rule 15 considering any "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Courts routinely find that a party who "knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation . . . is presumptively not diligent" under Rule 16. *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 280 (E.D. Pa. 2010). Such is the case here. Plaintiffs are cognizant of their own race. Plaintiff McDowell personally observed the police stopping other people of color in the same area on the day of her arrest. Although plaintiffs' counsel claims that she had been unaware of McDowell's observations prior to hearing her deposition testimony, that lack of awareness is wholly attributable to plaintiffs – either McDowell was not forthcoming with her counsel or counsel failed to conduct a sufficiently comprehensive background interview of her clients over the course of more than a year-long legal representation. *See Wag Acquisition, LLC v. Gattyán Grp. S.à.r.l.*, 14-cv-2832 (KM), 2020 WL 5105194, at *4 (D.N.J. Aug. 31, 2020) (affirming denial of motion to amend pursuant to Rule 16

4

where movant "pointed to no affirmative steps that it took . . . to investigate the inequitable conduct claim prior to the December 5, 2016 deadline to amend pleadings," nor did it identify any "impediment to its pursuit of this supposedly critical discovery" earlier in litigation); *Alfone v. Town of Boonton*, 15-cv-6656 (JBC), 2017 WL 4366981, at *4 (D.N.J. Sept. 29, 2017) (denying motion to amend under Rule 16 where plaintiff offered no reasonable explanation "why he could not have learned the information to allege a claim for failure to supervise prior to the deadline to file his motion to amend").  In either case, the information underlying plaintiffs' proposed new theory of liability was entirely within their personal knowledge, was known to them since their October 27, 2021 arrest, and could have been asserted long prior to the April 8, 2024 deadline for amended pleadings, if not in the initial complaint. *See Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 702 (E.D. Pa. 2007) (denying motion to amend filed five months after deadline for amended pleadings where the movant "possessed the relevant knowledge on which to base [the proposed amendment] at the outset of the litigation").

Plaintiffs' attempt to justify the belated assertion of their racial profiling allegations and claim only underscore that the proposed amendment could have been raised prior to the deadline to amend pleadings.  Plaintiffs first contend that a flavor of the racial profiling theory already was included in their *Monell* claim in the initial complaint.  If anything, this evidences counsel's early awareness of the potential claim and undercuts her position that "the racial profiling issue first presented itself" at McDowell's January 16, 2025 deposition. (ECF 96).  Plaintiffs further argue that immediately after hearing McDowell's deposition testimony about racial profiling, counsel began to investigate a potential claim and unearthed information concerning an investigation into

the workplace conduct of a former chief of the Elizabeth Police Department.[2] But plaintiffs acknowledge that the investigation report at issue has been publicly available since 2022, more than a year prior to the initiation of this lawsuit. Given this, plaintiffs' not having brought the racial profiling and selective enforcement claim until a year after the deadline for amended pleadings is inexplicable.

Finally, plaintiffs contend that the late amendment would not prejudice defendants. Plaintiffs confuse the standards of Rule 16 and Rule 15, as "the absence of prejudice to the non-moving party does not constitute 'good cause' under Rule 16." *Harbor Laundry Sales, Inc. v. Mayflower Textile Servs. Co.*, 09-cv-6259 (NLH), 2011 WL 6303258, at *3 (D.N.J. Dec. 16, 2011). In any event, the Court is mindful that allowing the late amendment would necessitate a new round of written discovery relating to racial profiling and further delay in an already aged case.

Taken together, these facts do not support a finding of good cause for the filing of an amended complaint one year after the deadline for amended pleadings. The Court appreciates the complexities of the case and has entered numerous scheduling orders balancing the parties' discovery needs with the strictures of Rules 1 and 16 of the Federal Rules of Civil Procedure. This "careful scheme of reasonable framing and enforcement of scheduling orders for case management would . . . be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990). As plaintiffs have not satisfied the requirements of Rule 16, the Court need not consider whether to permit amendment under Rule 15.

---

[2] Plaintiffs seek to include allegations about this investigation in paragraphs 80-105 of the proposed amended complaint.

### III.  CONCLUSION

For the foregoing reasons, plaintiffs' Motion to Amend (ECF 83) is **GRANTED** with respect to the correction of defendant Mooney's name and **DENIED** in all other respects.

Dated:      May 13, 2025

                                             *s/ Leda Dunn Wettre*
                                             Hon. Leda Dunn Wettre
                                             United States Magistrate Judge