**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SEPTEMBER MCDOWELL and ROBERT ROBINSON, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF ELIZABETH, *et al.*, <br><br> Defendants. | Case No. 2:23-cv-21415 (BRM) (LDW) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is September McDowell ("McDowell") and Robert Robinson's ("Robinson") (collectively, "Plaintiffs") appeal (ECF No. 103) of the May 13, 2025 Opinion (ECF No. 99) and Order (ECF No. 100) (collectively the "May 13 Opinion and Order") issued by the Honorable Judge Leda D. Wettre, U.S.M.J. ("Judge Wettre") granting in part and denying in part Plaintiffs' motion for leave to file an amended complaint. (ECF Nos. 83, 96.) Defendants City of Elizabeth and Police Chief Giacomo Sacca filed a brief in opposition (ECF No. 113), on which defendants Jeffery Cruz, Carrie Scharpnick, John Mooney, James Heller, David Turner, and Jason Luis (collectively, "Defendants") also rely. (ECF Nos. 114, 115, 116, 118, 120, 121.) Plaintiffs filed a reply in further support of the appeal. (ECF No. 122.) Having reviewed and considered the parties' submissions filed in connection with the appeal and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Plaintiffs' appeal is **DENIED** and the May 13 Opinion and Order are **AFFIRMED**.

I. **BACKGROUND.**[1]

Plaintiffs, two African Americans, filed a complaint on October 24, 2023, alleging that on October 27, 2021, City of Elizabeth police officers stopped them without reasonable suspicion of criminal activity, improperly searched them, and then placed them under arrest after seizing an illegal firearm and controlled substances from McDowell's fanny pack and person. (ECF No. 1 ¶¶ 16–17.) Criminal charges against Plaintiffs were dismissed on November 28, 2022. (*Id.* ¶¶ 18–19.) Plaintiffs' original complaint asserted claims under 42 U.S.C. § 1983, the New Jersey Civil Rights Act, N.J. Stat. Ann. 10:6-2, and the common law. (*Id.* ¶¶ 69–163.) Defendants filed answers in November and December 2023. (ECF Nos. 20, 22, 23, 25, 26, 27, 28, 30.)

Judge Wettre held an initial scheduling conference on January 24, 2024, and entered a Pretrial Scheduling Order requiring written discovery requests be served by February 23, 2024, any request for leave to file a new motion to add new parties or amend pleadings be filed by April 8, 2024, and fact discovery be completed no later than September 9, 2024. (ECF No. 39.) Judge Wettre thrice entered amended scheduling orders, extending the deadline for written discovery responses to May 30, 2024 (ECF No. 41), September 16, 2024, (ECF No. 45), and finally to February 28, 2025 (ECF No. 52). No party requested an extension to the April 8, 2024 deadline to amend pleadings.

On January 16, 2025, plaintiff McDowell was deposed and testified she observed the police "harassing" several other people in the area on the date of her arrest and believed "if I wasn't profiled, racially profiled, I wouldn't have gotten arrested last night." (ECF No. 55-1, Dep. Tr. 64:7–17, 141:18–20.) The parties did not complete the deposition (*id.* at 199:10), and plaintiff McDowell filed an application for a protective order regarding the scope of the deposition (ECF No. 55). Judge

---

[1] The factual and procedural background of this matter are well known to the parties and were summarized by Judge Wettre in her May 13, 2025 Opinion. (ECF No. 99.) In the interest of judicial economy, the Court includes only the facts and procedural background relevant to the Appeal.

Wettre denied the protective order application (ECF No. 71), and Plaintiffs then filed a motion for reconsideration (ECF No. 111).

Three months after plaintiff McDowell's deposition, and nearly a year after the deadline to amend pleadings, Plaintiffs filed the motion to amend the complaint[2] to add allegations supporting claims of racial profiling and selective enforcement. (ECF No. 83.) Defendants opposed the proposed amendment and insertion of racial profiling and selective enforcement claims. (ECF Nos. 87, 88, 89, 91, 92, 93, 94.) On May 13, 2025, Judge Wettre issued the Opinion and Order denying the portion of Plaintiffs' motion to amend the complaint seeking to add allegations and claims. (ECF Nos. 99, 100.)

Plaintiffs appealed Judge Wettre's May 13 Opinion and Order. (ECF No. 103.) Defendants opposed. (ECF Nos. 113, 114, 115, 116, 118, 120, 121.) Plaintiffs filed a reply in further support of the appeal. (ECF No. 122.)

## II.   LEGAL STANDARD

With respect to a district judge's review of a magistrate judge's decision, Federal Rule of Civil Procedure 72(a) states: "The district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Similarly, this Court's Local Rules provide "[a]ny party may appeal from a [m]agistrate [j]udge's determination of a non-dispositive matter within 14 days" and the district court "shall consider the appeal . . . and set aside any portion of the [m]agistrate [j]udge's order found to be clearly erroneous or contrary to law." L. Civ. R. 72.1(c)(1)(A).

---

[2] Plaintiffs also sought to amend the caption to correct the name of defendant Mooney, mistakenly identified as John "Moody" in the caption of the original complaint. (ECF No. 83.) Neither party opposed the correction and Judge Wettre granted Plaintiffs' motion to amend the complaint only in respect to the correction of defendant Mooney's name. (ECF No. 99 at 7.) Neither party appeals that aspect of Judge Wettre's May 13, 2025 Opinion and Order. (*See* ECF Nos. 103, 113, 122.)

Motions to amend a complaint are non-dispositive. *See Otero v. Port Auth. of New York & New Jersey*, Civ. A. No. 14-1655, 2018 WL 6567700, at *3 (D.N.J. Dec. 12, 2018) (collecting cases). A district judge may reverse a magistrate judge's order if the order is shown to be "clearly erroneous or contrary to law" on the record before the magistrate judge. 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [properly referred to the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the district court as having a "clearly erroneous review function," permitted only to review the record that was before the magistrate judge). The burden of showing a ruling is clearly erroneous or contrary to law rests with the party filing the appeal. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

A district court "will determine that a finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The magistrate judge's "ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Kounelis*, 529 F. Supp. 2d at 518; *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). A district court, however, will review a magistrate judge's legal conclusions de novo. *See Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted); *see also Haines*, 975 F.2d at 91 (noting that "the phrase 'contrary to law' indicates plenary review as to matters of law").

**III.    DECISION**

Plaintiffs' appeal Judge Wettre's May 13, 2025 Opinion and Order granting in part and denying in part their motion to amend the complaint. (ECF Nos. 99, 100.) Plaintiffs' primarily take issue with two parts of the May 13 Opinion and Order, contending: (1) Plaintiffs showed "good cause and due diligence under the Rule 16 standard," and (2) Judge Wettre failed to consider "the more liberal pleading standards of Rule 15." (ECF No. 103 at 18, 23.) Defendants contend Judge Wettre's finding that Plaintiffs did not demonstrate good cause under Rule 16 was not clearly erroneous nor contrary to law, and analysis under Rule 15—while unnecessary—would have led to the denial of Plaintiffs' motion as well. (ECF No. 113 at 16, 18.)

**A. "Good Cause" under Rule 16**

Courts must issue schedule orders "limit[ing] the time to join other parties, amend the pleadings, complete discovery, and file motions. Fed. R. Civ. P. 16(b)(3)(a). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A party seeking to amend a pleading after the deadline of a scheduling order has passed must satisfy the "good cause" standard of Federal Rule of Civil Procedure 16(b)(4). *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). A party must show diligence to establish good cause under Rule 16(b)(4). *See id.; New Jersey Dep't of Env't Pro. v. Amerada Hess Corp.*, 323 F.R.D. 213, 218 (D.N.J. 2017) (quoting *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010)) (finding applicant must show "good cause and due diligence" to modify terms of the scheduling order).

While Plaintiffs take issue with Judge Wettre's reliance on *Race Tires Am. Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57 (3d Cir. 2010) and *Rogers v. Wilmington Tr. Co.*, Civ A. No. 21-1473, 2022 WL 621690 (3d Cir. Mar. 3, 2022), the Court is not convinced the factual differences in those cases make the "due diligence" requirement of Rule 16(b)(4) any less applicable to this case. *See In re Paulsboro Derailment Cases*, Civ. A. No. 13-0784, 2015 WL 6163951, at *1 (D.N.J. Oct.

19, 2015) (quoting *Siebel v. Work at Home Vintage Emps., LLC*, Civ. A. No. 12-1199, 2013 WL 6094558, at *3) ("The existence of 'good cause' depends 'primarily on the diligence, or lack thereof, of the moving party.'"); *Berk v. Ritz Carlton Condo. Ass'n*, Civ. A. No. 19-20666, 2021 WL 5277459, at *2 (D.N.J. Nov. 12, 2021) (same). Plaintiffs also note in *Rogers*, the Third Circuit affirmed a district court's grant of leave to amend a complaint when the party "learned certain facts [p]laintiffs alleged in the Amended Complaint and the Interrogatories were not supported by the evidence." 2015 WL 621690, at *6; (ECF No. 103 at 19.) That the Third Circuit did not find the district court judge abused his discretion with that decision does not persuade this Court because here, unlike in *Rogers*, the information serving as the basis for the application to amend was squarely in the hands of the moving party. The Court is not firmly convinced Judge Wettre erred in determining Plaintiffs were aware of or should have been aware of plaintiff McDowell's observations on the day of her arrest. (ECF No. 99 at 4.)

The Court turns to whether Judge Wettre's decision was contrary to law when she determined Plaintiffs did not meet their burden of showing due diligence and good cause under Rule 16(b)(4). "Perhaps the most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend." *Sallings ex rel Est. of Stallings v. IBM Corp.*, Civ. A. No. 09-3121, 2009 WL 2905741, at *16 (D.N.J. Sept. 8, 2009); *see also Sabatino v. Union Twp.*, Civ A. No. 11-1656, 2013 WL 1622306, at *4 (D.N.J. Apr. 15, 2013); *Price v. Trans Union, LLC*, 737 F. Supp 2d 276, 280 (E.D. Pa. 2010).

The Court is not convinced Judge Wettre misapplied the applicable law when deciding Plaintiffs' prior knowledge of alleged racial profiling precluded a finding of due diligence and good cause under Rule 16(b)(4). *See Sallings ex Rel Est. of Stallings*, 2009 WL 2905741, at *16. Therefore, regarding findings of fact and application of law under Rule 16, the Court concludes Judge Wettre's May 13 Opinion and Order were not clearly erroneous nor contrary to law.

### B. Rule 15 Application

The Third Circuit is unequivocal: satisfying the Rule 16 standard is a threshold issue. *Premier Comp Sols.*, 960 F.3d at 319 (holding party "must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard"); *see Eastern Mins. & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (affirming denial of untimely motion to amend complaint where district court found lack of diligence Rule 16(b) and concluded analysis under Rule 15(a) to be unnecessary).

The Court is not persuaded by Plaintiffs' arguments that Judge Wettre clearly erred by not considering the standards for amendment under Rule 15(a). Plaintiffs filed the motion to amend the complaint on April 7, 2025, nearly a year after the April 8, 2024 deadline to amend pleadings. (*See* ECF Nos. 39, 83.) Therefore, to amend the complaint, Plaintiffs would need to *first* show "good cause" under Rule 16(b)(4) before Judge Wettre would need to evaluate Plaintiffs' motion under Rule 15(a). *See Premier Comp Sols.*, 960 F.3d at 319. Having found Plaintiffs failed to meet their burden of showing "good cause" required by Rule 16(b)(4), Judge Wettre correctly chose "not to consider whether to permit amendment under Rule 15." (ECF No. 99.)

Accordingly, Plaintiffs fail to show Judge Wettre's May 13 Opinion and Order was clearly erroneous or contrary to law. Therefore, the May 13 Opinion and Order granting in part and denying in part Plaintiffs' motion for leave to file an amended complaint is **AFFIRMED**.

### IV. CONCLUSION

For the reasons stated above and for good cause having been shown, Plaintiffs' appeal (ECF No. 103) is **DENIED** and Judge Wettre's May 13, 2025 Opinion and Order (ECF Nos. 99, 100) are **AFFIRMED**.

Date: December 29, 2025

/s/ *Brian R. Martinotti*
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE